UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TABATHA CELESTE BIGGS JOHNSON, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) NO. 2:16-cv-00008 ) CHIEF JUDGE CRENSHAW ) |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security[1], | ) ) ) |
| Defendant. | ) |

# MEMORANDUM

Plaintiff filed this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of the final decision of the Social Security Administration ("Commissioner"), denying Plaintiff's claim for Supplemental Security Income ("SSI") as provided under Title XVI of the Social Security Act ("the Act"). The case is currently pending on Plaintiff's motion for judgment on the administrative record (Doc. No. 12), to which Defendant has responded. (Doc. No. 14.)

Upon review of the administrative record as a whole and consideration of the parties' filings, Plaintiff's motion (Doc. No. 12) is **GRANTED**. For the reasons stated herein, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this case for further administrative proceedings.

---

[1] Nancy A. Berryhill became the Acting Commissioner of Social Security on January 23, 2017. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for former Acting Commissioner Carolyn W. Colvin as the defendant in this suit.

## I. INTRODUCTION

Plaintiff filed an application for SSI on February 25, 2010. *See* Transcript of the Administrative Record (Doc. No. 10) at 74-75.[2] She alleged a disability onset date of February 7, 2008, but this was later amended to February 25, 2010. AR 14, 74-75.[3] Plaintiff alleged that she was unable to work because of neuropathy, diabetes, seizures, and pain in her feet and legs. AR 113.[4]

Plaintiff's applications were denied initially and upon reconsideration. AR 74-75. Pursuant to her request for a hearing before an administrative law judge ("ALJ"), Plaintiff appeared with counsel and testified at a hearing before ALJ George L. Evans, III on January 20, 2012. AR 56. On April 2, 2012, the ALJ denied the claim. AR 77-79. On July 3, 2013, the Appeals Council accepted Plaintiff's request for review of the ALJ's decision and ultimately remanded the case to the ALJ for further consideration. AR 92. In the accompanying order, the Appeals Council instructed the ALJ to obtain additional evidence regarding Plaintiff's physical and mental impairments, provide further evaluation of Plaintiff's mental impairments, give further consideration to Plaintiff's residual functional capacity, provide further evaluation of

---

[2] The Transcript of the Administrative Record is hereinafter referenced by the abbreviation "AR" followed by the corresponding page number(s) as numbered in large black print on the bottom right corner of each page. All other filings are hereinafter referenced by the abbreviation "DE" followed by the corresponding docket entry number and page number(s) where appropriate.

[3] The court notes that Plaintiff appears to have filed an earlier application for SSI on July 2, 2008 in which she alleged an onset date of June 27, 2008. AR 76. However, neither the parties nor the ALJ has addressed this separate filing to date. The court therefore assumes that this separate application is not at issue.

[4] Defendant additionally found evidence that Plaintiff suffers from obesity and decreased vision. AR 113.

Plaintiff's past work experience, and, if warranted by the expanded record, obtain evidence from a vocational expert "to clarify the effect of the assessed limitations on the claimant's occupational base." AR 94-95.

Following remand, Plaintiff appeared with counsel for an additional hearing before the ALJ on July 21, 2014. On October 27, 2014, the ALJ again denied Plaintiff's claim. AR 11-13. The Appeals Council denied Plaintiff's second request for review of the ALJ's decision (AR 1-3), thereby making the ALJ's decision the final decision of the Commissioner. This civil action was thereafter timely filed, and the Court has jurisdiction. 42 U.S.C. § 405(g).

## II. THE ALJ FINDINGS

The ALJ issued a second unfavorable decision on October 27, 2014. AR 11-13. Based upon the record, the ALJ made the following enumerated findings:

1. The claimant has not engaged in substantial gainful activity since February 25, 2010, the application date (20 CFR 416.971 *et seq.*).

2. The claimant has the following severe impairments: obesity[,] diabetes, spina bifida, history of seizures[,] and major depressive disorder with anxious distress (416.920(c)).

\*\*\*

3. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

\*\*\*

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a) except that she would be mildly limited in doing simple jobs and judgment; she has ability to understand, remember, and carry out simple instructions and make judgments on simple work-related decisions. She is moderately limited in ability to interact with others; understanding, remembering, and carrying out complex instructions; and making judgments on complex work-related decisions. She is moderately limited in ability to interact appropriately with the public, supervisors, and coworkers, and ability to respond appropriately to usual work situations and to changes in a routine work setting. She can lift and carry occasionally up to 10

3

pounds. She can sit, stand, or walk continuously for one hour for each for [sic] total of eight hours each in an eight-hour day, i.e. eight hours sitting, eight hours standing, eight hours walking. She does not require a cane for ambulation. She could occasionally perform reaching overhead with either hand. She can occasionally use either foot for foot controls. She could perform frequent handling and fingering with bilateral hands. She could occasionally climb stairs and ramps and never climb ladders or scaffolds. She could occasionally bend, stoop, kneel, crouch, crawl or be around unprotected heights. She could occasionally be around moving mechanical parts, operating motor vehicle, and humidity/wetness. She could have no exposure to significant pulmonary irritants.[5]

***

5. The claimant has no past relevant work (20 CFR 416.965).

6. The claimant was born on February 11, 1978 and was 32 years old, which is defined as a younger individual age 18-44, on the date the application was filed (20 CFR 416.963).

7. The claimant has a high school education and is able to communicate in English (20 CFR 416.964).

8. Transferability of job skills is not an issue in this case because the claimant does not have past relevant work (20 CFR 416.968).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

***

10. The claimant has not been under a disability, as defined in the Social Security Act, since February 25, 2010, the date the application was filed (20 CFR 416.920(g)).

AR 16-25.

---

[5] The ALJ defined "mildly limited" as "a slight limitation but can generally function well," and "moderately limited" as "more than a slight limitation but can still function satisfactorily." AR 18, nn.1-2.

## III. REVIEW OF THE RECORD

The parties and the ALJ have thoroughly summarized and discussed the medical and testimonial evidence of the administrative record. Accordingly, the Court will discuss those matters only to the extent necessary to analyze the parties' arguments.

## IV. DISCUSSION AND CONCLUSIONS OF LAW

### A. Standard of Review

The determination of disability under the Act is an administrative decision. The only questions before this Court upon judicial review are: (i) whether the decision of the Commissioner is supported by substantial evidence, and (ii) whether the Commissioner made legal errors in the process of reaching the decision. 42 U.S.C. § 405(g). *See* Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971) (adopting and defining substantial evidence standard in context of Social Security cases); Kyle v. Comm'r of Soc. Sec., 609 F.3d 847, 854 (6th Cir. 2010). The Commissioner's decision must be affirmed if it is supported by substantial evidence, "even if there is substantial evidence in the record that would have supported an opposite conclusion." Blakley v. Comm'r of Soc. Sec., 581 F.3d 399, 406 (6th Cir. 2009) (quoting Key v. Callahan, 109 F.3d 270, 273 (6th Cir. 1997)); Jones v. Comm'r of Soc. Sec., 336 F.3d 469, 477 (6th Cir. 2003); Her v. Comm'r of Soc. Sec., 203 F.3d 388, 389-90 (6th Cir. 1999).

Substantial evidence is defined as "more than a mere scintilla" and "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229, 59 S. Ct. 206, 83 L. Ed. 126 (1938)); Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007); LeMaster v.

Weinberger, 533 F.2d 337, 339 (6th Cir. 1976) (quoting Sixth Circuit opinions adopting language substantially similar to that in Richardson).

The Court's review of the Commissioner's decision is limited to the record made in the administrative hearing process. Jones v. Secretary, 945 F.2d 1365, 1369 (6th Cir. 1991). A reviewing court may not try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility. *See, e.g.*, Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984) (citing Myers v. Richardson, 471 F.2d 1265, 1268 (6th Cir. 1972)). The Court must accept the ALJ's explicit findings and determination unless the record as a whole is without substantial evidence to support the ALJ's determination. 42 U.S.C. § 405(g). *See, e.g.*, Houston v. Sec'y of Health & Human Servs., 736 F.2d 365, 366 (6th Cir. 1984).

### B. Determining Disability at the Administrative Level

The claimant has the ultimate burden of establishing an entitlement to benefits by proving her "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 432(d)(1)(A). The asserted impairment(s) must be demonstrated by medically acceptable clinical and laboratory diagnostic techniques. *See* 42 U.S.C. §§ 432(d)(3) and 1382c(a)(3)(D); 20 C.F.R. §§ 404.1512(a), (c), and 404.1513(d). "Substantial gainful activity" not only includes previous work performed by the claimant, but also, considering the claimant's age, education, and work experience, any other relevant work that exists in the national economy in significant numbers regardless of whether such work exists in the immediate area in which the claimant lives, or whether a specific job vacancy exists, or whether the claimant would be hired if she applied. 42 U.S.C. § 423(d)(2)(A).

In the proceedings before the Social Security Administration, the Commissioner must employ a five-step, sequential evaluation process in considering the issue of the claimant's alleged disability. *See* Heston v. Comm'r of Soc. Sec., 245 F.3d 528, 534 (6th Cir. 2001); Abbot v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990). First, the claimant must show that she is not engaged in "substantial gainful activity" at the time disability benefits are sought. Cruse v. Comm'r of Soc. Sec., 502 F.3d 532, 539 (6th Cir. 2007); 20 C.F.R. §§ 404.1520(b), 416.920(b). Second, the claimant must show that she suffers from a severe impairment that meets the 12-month durational requirement. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). *See also* Edwards v. Comm'r of Soc. Sec., 113 F. App'x 83, 85 (6th Cir. 2004). Third, if the claimant has satisfied the first two steps, the claimant is presumed disabled without further inquiry, regardless of age, education or work experience, if the impairment at issue either appears on the regulatory list of impairments that are sufficiently severe as to prevent any gainful employment or equals a listed impairment. Combs v. Comm'r of Soc. Sec., 459 F.3d 640, 643 (6th Cir. 2006); 20 C.F.R. §§ 404.1520(d), 416.920(d). A claimant is not required to show the existence of a listed impairment in order to be found disabled, but such showing results in an automatic finding of disability that ends the inquiry. *See* Combs*, supra*; Blankenship v. Bowen, 874 F.2d 1116, 1122 (6th Cir. 1989).

If the claimant's impairment does not render her presumptively disabled, the fourth step evaluates the claimant's residual functional capacity in relationship to her past relevant work. Combs*, supra.* "Residual functional capacity" ("RFC") is defined as "the most [the claimant] can still do despite [her] limitations." 20 C.F.R. §§ 404.1545(a)(1). In determining a claimant's RFC, for purposes of the analysis required at steps four and five, the ALJ is required to consider the combined effect of all the claimant's impairments, mental and physical, exertional and

nonexertional, severe and nonsevere. *See* 42 U.S.C. §§ 423(d)(2)(B), (5)(B); Foster v. Bowen, 853 F.2d 483, 490 (6th Cir. 1988). At the fourth step, the claimant has the burden of proving an inability to perform past relevant work or proving that a particular past job should not be considered relevant. Cruse, 502 F.3d at 539; Jones, 336 F.3d at 474. If the claimant cannot satisfy the burden at the fourth step, disability benefits must be denied because the claimant is not disabled. Combs, *supra.*

If a claimant is not presumed disabled but shows that past relevant work cannot be performed, the burden of production shifts at step five to the Commissioner to show that the claimant, in light of the claimant's RFC, age, education, and work experience, can perform other substantial gainful employment and that such employment exists in significant numbers in the national economy. Longworth v. Comm'r of Soc. Sec., 402 F.3d 591, 595 (6th Cir. 2005) (quoting Walters v. Comm'r of Soc. Sec., 402 F.3d 525, 529 (6th Cir. 1997)). *See also* Felisky v. Bowen, 35 F.3d 1027, 1035 (6th Cir. 1994). To rebut a *prima facie* case, the Commissioner must come forward with proof of the existence of other jobs a claimant can perform. Longworth, 402 F.3d at 595. *See also* Kirk v. Sec'y of Health & Human Servs., 667 F.2d 524, 528 (6th Cir. 1981), *cert. denied*, 461 U.S. 957, 103 S. Ct. 2428, 77 L. Ed. 2d 1315 (1983) (upholding the validity of the medical-vocational guidelines grid as a means for the Commissioner of carrying his burden under appropriate circumstances). Even if the claimant's impairments prevent the claimant from doing past relevant work, if other work exists in significant numbers in the national economy that the claimant can perform, the claimant is not disabled. Rabbers v. Comm'r of Soc. Sec., 582 F.3d 647, 652 (6th Cir. 2009). *See also* Tyra v. Sec'y of Health & Human Servs., 896 F.2d 1024, 1028-29 (6th Cir. 1990); Farris v. Sec'y of Health & Human

Servs., 773 F.2d 85, 88-89 (6th Cir. 1985); Mowery v. Heckler, 771 F.2d 966, 969-70 (6th Cir. 1985).

If the question of disability can be resolved at any point in the sequential evaluation process, the claim is not reviewed further. 20 C.F.R. § 404.1520(a)(4). *See also* Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988) (holding that resolution of a claim at step two of the evaluative process is appropriate in some circumstances).

### C. The ALJ's Five-Step Evaluation of Plaintiff

In the instant case, the ALJ resolved Plaintiff's claim at step five of the five-step process. The ALJ found that Plaintiff met the first two steps, but determined at step three that Plaintiff was not presumptively disabled because she did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. At step four, the ALJ found that Plaintiff had no past relevant work. At step five, the ALJ found that Plaintiff's RFC allowed her to perform sedentary work with other express limitations to account for her severe impairments, and that considering her age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. AR 16-25.

### D. Plaintiff's Assertions of Error

Plaintiff argues that the ALJ erred by (1) failing to properly consider and weigh the entire opinion of the consultative examiner, and (2) failing to properly evaluate her credibility. DE 13 at 1. Plaintiff therefore requests that this case be reversed and benefits awarded, or, alternatively, remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration by a new ALJ. *Id.* at 11-12.

Sentence four of 42 U.S.C. § 405(g) states the following:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

42 U.S.C. § 405(g), 1383(c)(3). "In cases where there is an adequate record, the [Commissioner's] decision denying benefits can be reversed and benefits awarded if the decision is clearly erroneous, proof of disability is overwhelming, or proof of disability is strong and evidence to the contrary is lacking." Mowery v. Heckler, 771 F.2d 966, 973 (6th Cir. 1985). Furthermore, a court can reverse the decision and immediately award benefits if all essential factual issues have been resolved and the record adequately establishes a claimant's entitlement to benefits. Faucher v. Secretary, 17 F.3d 171, 176 (6th Cir. 1994). *See also* Newkirk v. Shalala, 25 F.3d 316, 318 (1994). The court addresses each of Plaintiff's assertions of error below.

### 1. The consultative examination.

On February 17, 2014, Dr. Terrence Leveck performed a consultative examination of Plaintiff. AR 603-06. He prepared a Medical Source Statement ("MSS") based on the findings from his examination that included many physical restrictions, including his opinion that Plaintiff was limited to "occasional"[6] reaching overhead and reaching in all other directions with the bilateral hands. AR 608-609. During Plaintiff's second administrative hearing, the ALJ posed a hypothetical question to a vocational expert ("VE") based on the physical restrictions included in Dr. Leveck's MSS and the mental restrictions included in a separate MSS completed by Dr. Kathryn Galbraith. AR 50-54, 619-22. However, the ALJ omitted the restriction pertaining to "occasional" reaching in all other directions when he posed the hypothetical to the VE. AR 51.

---

[6] "Occasionally" is defined in the MSS as "very little to one-third of the time" during an eight-hour workday. AR 607.

Without this limitation, the VE opined that Plaintiff would be able to perform multiple jobs in the state and national economy. AR 52-53.

Counsel for Plaintiff took note of this omission and proceeded to ask the VE how this particular limitation would impact the jobs the VE had stated would be available to Plaintiff:

> Counsel: [I]'d like to add occasional, not only occasional reaching overhead but also occasional reaching, you know, in any direction, and I don't believe that was given in that .... If you add occasional reaching in the dominant hand and the left hand with no balance to the others, would that have any effect on the jobs that you cited?
>
> VE: Just for the occasional reaching bilaterally, I would have no jobs.

AR 54. The VE therefore testified that the limitation involving occasional reaching in all directions would preclude employment.

The ALJ subsequently ascribed an RFC that included a restriction that Plaintiff "could occasionally perform reaching overhead with either hand," but did not include any limitation for reaching in all directions. AR 18-19. The ALJ did, however, acknowledge the limitation in his discussion of Dr. Leveck's opinion before ultimately giving the opinion significant weight:

> [Plaintiff] could occasionally reach and reach overhead with hands bilaterally and frequently handle/finger with right hand .... The undersigned gives the vast bulk of [Dr. Leveck's] opinion significant weight because it is mostly consistent with the findings at the exam and the longitudinal medical evidence. However, the undersigned gives little weight to the postural restrictions of never being able to bend, stoop, balance, etc. because these do not find support in the physical exam findings, the medical evidence, the daily activities, or the longitudinal record. The overall medical record shows the claimant is capable of no more than occasional postural movements such as bending, balancing, stooping, etc.

AR 23.

Plaintiff contends that the ALJ erred by omitting the limitation concerning her ability to reach in all directions and correctly notes that the VE concluded that no jobs would be available for a claimant with such a limitation. Plaintiff notes that the ALJ provided ample explanation for

11

his decision to reject Dr. Leveck's postural limitations, yet failed to discuss a limitation that the VE explicitly stated would preclude gainful employment. DE 13 at 7-8.

The Sixth Circuit has held that a "vocational expert's testimony in response to an accurate hypothetical represents substantial evidence that the claimant has the vocational qualifications to perform specific jobs." Dyer v. Soc. Sec. Admin., 568 F. App'x 422, 428-29 (6th Cir. 2014) (internal citations omitted). The Sixth Circuit has additionally stated that in fashioning a hypothetical to the VE, the ALJ "is required to incorporate only those limitations accepted as credible by the finder of fact." Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1235 (6th Cir. 1993) (citing Hardaway v. Sec'y of Health & Human Servs., 823 F.2d 922, 928 (6th Cir. 1987)). It is then the ALJ's duty to "articulate how the evidence in the record supports the RFC determination, discuss the claimant's ability to perform sustained work-related activities, and explain the resolution of any inconsistencies in the record." Delgado v. Comm'r of Soc. Sec., 30 F. App'x 542, 548 (6th Cir. 2002).

Defendant responds to Plaintiff's assertion of error by observing that the ALJ "explicitly noted the restriction in the decision when describing Dr. Leveck's opinion." DE 14 at 9. This does not, however, explain why the ALJ acknowledged the limitation but failed to incorporate it into the RFC without any justification despite according "significant weight" to the "vast bulk" of the opinion. *See* Marshall v. Comm'r of Soc. Sec., No. 3:14-cv-465, 2015 WL 7273113, at *6 (S.D. Ohio Nov. 17, 2015), *report and recommendation adopted*, 2015 WL 8682785 (S.D. Ohio Dec. 11, 2015) (holding that the ALJ committed reversible error by according opinions significant weight but failing to explain why certain limitations were not included in the RFC finding). The ALJ's failure to address this manipulative limitation is especially puzzling since the ALJ *did* explain why he elected not to adopt the postural limitations in Dr. Leveck's opinion.

*See* AR 23. This omission is even more confounding in light of the VE's testimony that such a limitation would preclude employment. *See* AR 54.

Furthermore, the ALJ discounted the conclusions of every other physician who provided an opinion regarding Plaintiff's physical limitations in favor of the restrictions proffered by Dr. Leveck. Dr. Mark Watson performed a consultative examination in September of 2008 (AR 525) and completed an accompanying MSS that included no manipulative restrictions. AR 521-22. Yet the ALJ gave "little weight" to Dr. Watson's conclusions in light of the findings from Dr. Leveck's consultative examination. AR 22. Similarly, Dr. Donita Keown provided a consultative examination in November of 2010 (AR 486-88) and opined that Plaintiff could "continuously" reach in all directions. AR 490-91.[7] However, the ALJ accorded "little weight" to this opinion "because more weight attaches to an opinion from ... Dr. Leveck[.]" AR 22. Finally, the ALJ accorded "less than full weight" to the opinion of non-examining State physician Dr. Frank Pennington, who opined that Plaintiff had no manipulative limitations whatsoever, specifically based on the "greater weight attache[d]" to Dr. Leveck's opinion. AR 23. There is no other opinion in the record pertaining to Plaintiff's physical limitations. As such, the ALJ discounted the opinions of all other physicians in favor of the physical restrictions assigned by Dr. Leveck, yet elected not to include a limitation in the RFC that the VE explicitly stated would preclude employment and failed to provide any explanation as to why the limitation was omitted. The court concludes that this represents reversible error that warrants remand of this case for further consideration. *See* <u>Moore v. Colvin</u>, No. 2:14-cv-455, 2015 WL 5675805, at *7 (S.D. Ohio Sept. 28, 2015) ("[T]he ALJ's failure to explain why he did not adopt the limitations of medical

---

[7] "Continuously" is defined in the MSS as "more than two-thirds of the time" during an eight-hour workday. AR 489.

sources to whose opinion he afforded 'significant' weight constitutes a reversible error."). *See also* Stoddard v. Astrue, No. 3:09-cv-91, 2010 WL 3723924, at *1 (E.D. Tenn. Feb. 19, 2010), *report and recommendation adopted*, 2010 WL 3724144 (E.D. Tenn. Sept. 15, 2010) (holding that ALJ's failure to explain why limitations included in an opinion adopted by the ALJ were not included in the RFC was reversible error).

Although the ALJ "need not discuss every piece of evidence in the record" he also "may not ignore an entire line of evidence that is contrary to the ruling." Craig v. Colvin, No. 3:12-cv-0333, 2014 WL 1287178, at *12 (M.D. Tenn. Mar. 28, 2014) (internal citations omitted). Moreover, "inaccuracies, incomplete analysis and unresolved conflicts of evidence can serve as a basis for remand." Karger v. Comm'r of Soc. Sec., 414 F. App'x 739, 749 (6th Cir. 2011). Here, the ALJ failed to discuss a crucial piece of evidence in his opinion that conflicted with his determination that Plaintiff is not disabled, namely a physical restriction proposed by a consultative examiner whose opinion was accorded "significant weight," and failed to explain why the limitation was omitted from the assigned RFC. *See* Marshall, 2015 WL 7273113, at *6 ("[T]he ALJ must meaningfully explain why certain limitations are not included in the RFC determination – especially when such limitations are set forth in opinions the ALJ weighs favorably."). *See also* O'Ryan v. Comm'r of Soc. Sec., No. 3:14-cv-125, 2015 WL 6889607, at *5 (S.D. Ohio July 30, 2015), *report and recommendation adopted,* 2015 WL 4934190 (S.D. Ohio Aug. 18, 2015) (holding that ALJ committed reversible error by failing to explain why certain limitations from a medical opinion she accorded "great weight" were omitted from the RFC). The ALJ's decision is therefore not supported by substantial evidence, and the court thus finds that this case must be remanded for an additional hearing before a new ALJ. In light of this finding, the court declines to address Plaintiff's second assertion of error regarding credibility.

## V. CONCLUSION

For the above stated reasons, Plaintiff's motion for judgment on the administrative record (DE 12) is GRANTED. An appropriate Order will accompany this memorandum.

_____
WAVERLY D. CRENSHAW
CHIEF UNITED STATES DISTRICT JUDGE